IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:04-CR-44-F
7:07-CV-85-F

| | | |
|---|---|---|
| JOSEPH LEROY POMRANKY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Amended Motion to Dismiss or for Summary Judgment [DE-71] on Joseph Leroy Pomranky's ("Pomranky") Amended Motion [DE-55, 65], to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. Pomranky filed a Response [DE-75] in opposition to the Government's Amended Motion. These matters are ripe for adjudication.

## PROCEDURAL HISTORY

On November 16, 2004, Pomranky was convicted by a jury of possession with the intent to distribute more than five grams of cocaine base (crack) and possession of a firearm in furtherance of a drug trafficking crime. Pomranky was sentenced to 147 months imprisonment on March 7, 2005. Pomranky filed an appeal and the Fourth Circuit Court of Appeals affirmed his conviction in an opinion issued on February 1, 2006. *See United States v. Pomranky*, 165 Fed. Appx. 259, 2006 WL 237099 (unpublished) (February 1, 2006). Pomranky then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on May 30, 2006. *See Pomranky v. United States*, 547 U.S. 1173 (2006).

On May 24, 2007, Pomranky filed a motion to vacate [DE-55] under 28 U.S.C. 2255. On November 24, 2008, Pomranky filed a motion with this court for leave to file a supplemental § 2255 claim and brief in support thereof, which was granted on January 6, 2009. The

Government then filed its Amended Motion for Summary Judgment [DE-71] on February 4, 2009.

## DISCUSSION

In his § 2255 action, Pomranky claimed that his attorney was ineffective, in violation of the Sixth Amendment, by: (1) failing to advise him that an acceptance of responsibility would mitigate his sentence; (2) failing to inform the court that Pomranky's sentence was enhanced based on uncounseled prior convictions; and (3) by failing to inform Pomranky of a plea offer by the Government. To prevail on an ineffective assistance of counsel claim, Pomranky must satisfy both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-91. Second, he must show that, but for his counsel's conduct, the results of his case would have been different. *Id.* at 694. The Government bears the burden of proof to demonstrate that Pomranky failed to state a claim upon which relief may be granted under 28 U.S.C. § 2255, Rule 12(b)(6), FED. R. CIV. P., or that no genuine issue of material fact exists that necessitates an evidentiary hearing and that it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Rule 56, FED. R. CIV. P.

### Claim Three - Counsel's Failure to Inform Pomranky of the Offer of Plea Agreement

In his supplemented § 2255 motion (Claim Three), Pomranky contends that his attorney was ineffective by failing to inform him of an offer of a plea agreement from the Government. The Fourth Circuit has found that in a case where the evidence was strongly against the defendant, the failure to communicate a plea offer would be unreasonable assistance. *See United States v. Brannon*, 48 Fed. Appx. 51, 53 (4th Cir. 2007). However, Pomranky still must demonstrate prejudice. Pomranky's sworn affidavit states that, had he known of the plea offer, he would have accepted it and received a reduced sentence.

2

The Government's responds that Pomranky's contention is refuted by his counsel's affidavit [DE-72-2] describing Pomranky's refusal of the plea offer she communicated to him. Contrary to the Government's belief, however, such an affidavit does not resolve a factual conflict, it confirms one, and when, as here, the factual conflict concerns a material issue, an evidentiary hearing is required. *See* Advisory Committee Note to Rule 5, Rules Governing § 2255 Proceedings ("Numerous cases have held that the government's answer and affidavits are not conclusive against the movant, and if they raise disputed issues of fact, a hearing must be held."); *see also* Rule 56(e), Fed. R. Civ. P.; *Pham v. United States*, 317 F.3d 178, 187 (2d Cir. 2003). Because there is a genuine issue of material fact whether counsel communicated to Pomranky the fact and substance of a plea agreement offered by the Government, an evidentiary hearing is necessary on this issue.

The Federal public Defender is DIRECTED to appoint counsel to represent Pomranky for purposes of the evidentiary hearing ordered herein. Counsel is DIRECTED to file a Notice of Appearance within ten (10) days of such appointment.

Claim One - Counsel's Failure to Inform Pomranky of the Sentencing Guidelines

Pomranky's Claim One is that his counsel was ineffective by failing to advise him that the Sentencing Guidelines provided for a reduced sentence upon a finding by the court that Pomranky had accepted responsibility. Pomranky alleges that he was prejudiced by his counsel's failure to apprise him of the mitigating consequences of an acceptance of responsibility, because had he known, he would have pled guilty and potentially received a lesser sentence under the then-mandatory Sentencing Guidelines.

Pomranky's trial counsel's affidavit does not purport to refute Pomranky's claim that he was not made aware of the Guidelines' provisions concerning "acceptance of responsibility." Instead, she states that, "[i]n her opinion, acceptance of responsibility was never going to be available to Mr. Pomranky, or any other defendant who denies criminal responsibility."

3

A defendant is not automatically entitled to a reduced sentence for acceptance of responsibility upon pleading guilty. *U.S. v. Kise*, 369 F.3d 766, 771 (4th Cir. 2004). Instead, the district court must evaluate whether the defendant has proven "by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id.*, *citing United States v. May*, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks and citations omitted); *see also* USSG, § 3E1.1.

In this case, Pomranky maintained his innocence throughout his trial, as he continues to do in his § 2255 motion. Given his firm position, Pomranky cannot now claim that had his lawyer advised him of the opportunity for a reduced sentence, he would have "clearly recognized" and "accepted personal responsibility for his criminal conduct." Accordingly, because Pomranky cannot meet the prejudice prong of the *Strickland* analysis, the Government's Motion to Dismiss or for Summary Judgment [DE-71] as to Claim One is ALLOWED, and the claim is DISMISSED.

Claim Two - Counsel's Failure to Object to Prior Uncounseled Convictions

Finally, Pomranky claims that his trial counsel was ineffective by failing to inform the court that his sentence was based on two prior uncounseled convictions. Although Pomranky claims that he does not recall having waived his right to legal representation, the records of those hearings reflect that Pomranky waived his right to counsel. The court has carefully reviewed this claim, together with the entire record in this case and concludes that his § 2255 motion fails to state a claim upon which relief may be granted under § 2255 as to Claim Two. *See* Rule 12(b)(6), FED. R. CIV. P. Therefore, the Government's Motion to Dismiss or for Summary Judgment [DE-71] as to Pomranky's Claim Two is ALLOWED, and Claim Two is DISMISSED.

4

## SUMMARY

For the foregoing reasons, the Government's Motion to Dismiss or for Summary Judgment is ALLOWED on Pomranky's Claims One and Two only. The Government's Motion to Dismiss or for Summary Judgment as to Claim Three is DENIED.

The Clerk of Court is DIRECTED to schedule an evidentiary hearing during this court's **July 6, 2009**, term of court as to *Claim Three only*. The Federal Public Defender is DIRECTED to appoint counsel to represent Pomranky for purposes of the evidentiary hearing ordered herein. Counsel is DIRECTED to file a Notice of Appearance within ten (10) days of such appointment. The Government shall ensure Pomranky's attendance at the evidentiary hearing.

SO ORDERED.

This, the 2 5 day of March, 2009.

JAMES C. FOX
Senior United States District Judge

5